EDWARD SHAUINGER et ux., complainants,

*v.*

OLGA APTER et al., defendants.

[Decided November 2d, 1923.]

On a bill in foreclosure, alleging non-payment of interest and default in payment of installments of principal, which defaults are admitted, but are met by a counter-claim for damages for the violation of the covenant for quiet enjoyment in the deed from the mortgagee to the mortgagor, because the mortgagor could not obtain possession of the premises for the reason that they were occupied by another claiming under a lease from the mortgagee made while he was the owner of the premises.  Evidence examined, and *held* not to sustain the allegations of the counter-claim.

On bills, &c.

*Messrs. Autenreith & Gannon,* for the complainants.

*Mr. J. Leo Rothschild,* for the defendants.

LEWIS, V. C.

This bill is filed to foreclose a mortgage on premises situated at No. 406 Madison avenue, borough of Bradley Beach, State of New Jersey.  The mortgage was given by Philip Apter, now deceased, husband of the defendant, to complainant for $2,000, with interest at six per cent., payable semi-monthly, and providing for the payment of $250 semi-annually on account of the principal.  The defaults alleged are:

(1)  Non-payment of interest.

(2)  Non-payment of installments due under the terms of the mortgage.

(3)  Non-payment of taxes and water rents within the time prescribed by the terms of the mortgage.

It was admitted by the defendants that the interest and principal had not been paid and the ·third ground of foreclosure was abandoned by complainants at the hearing.

The defendants filed a counter-claim, claiming damages for a breach of the covenant for quiet enjoyment contained in the deed of the premises to Philip Apter, it being alleged that the complainants had granted a lease for the summer season of 1920 to one Garfinkel and that the defendants, in consequence thereof, were unable to obtain possession and had to go out and hire other premises. They claimed, as a measure of damages, the amount of $800, which was the rent they say they had to pay for the other premises. It appeared from the testimony that Garfinkel, the alleged tenant, was not in possession of the premises at the time of the delivery of the deed and mortgage and it was denied by the complainants and their witnesses that the tenant went into possession under an agreement with them, they having made no arrangement for letting with him. The evidence further shows that the tenant did not go into possession until three weeks after the date of the delivery of the deed and the mortgage in question. The deed and mortgage were delivered on May 18th, 1920, and Garfinkel, the tenant, went into possession on June 5th, 1920. The defendants permitted the tenant to remain in the premises for four months after the delivery of the deed to them and the giving of the mortgage. He was not in possession at the time of the delivery of the .deed. No attempt whatsoever was made by the defendants to collect any rent. This fact is established by Garfinkel, who says the defendants never asked any rent from him. They were the owners—there was no lease of record and they permitted him to stay on the premises. The complainant Mrs. Shauinger's only interview with Garfinkel, the tenant, occurred some time in May or April, when she told him that she had sold the property and that he could not take possession of it. He said that he had rented the property in January ˙and would not give it up. The circumstances and evidence would indicate that Garfinkel might be regarded as a trespasser. He entered the property under an alleged verbal lease made by

Frank C. Borden, a real estate agent. Borden says he had authority to rent the premises; but the complainants deny any such authority. "A person cannot, by his own mere assertion, prove he is the agent of another." *Smith* v. *Delaware and Atlantic Telegraph and Telephone Company, 64 N. J. Eq. 770.*

The letters of Mrs. Shauinger, many of which are undated, are in effect a direction to Borden to submit the property for letting and to bring propositions for the same to the landlord's attention. Borden sent a copy of the lease made with Garfinkel to Mrs. Shauinger, the complainant, for approval; but she refused to approve it and it was never executed. It is significant that Garfinkel never signed this proposed lease. Mere authority to lease property for letting does not constitute authority to make a lease without the approval of the landlord.

It is true that Mrs. Shauinger received a check from Borden, after deducting his commissions, as a deposit for renting and, after some delay, she returned the same to him. This in itself is not sufficient to hold that the complainant had ratified Borden's act and the further evidence offered does not satisfy me that such was the case. This, with the other evidence of ratification, does not meet the rule laid down in *Lyle* v. *Addicks, 62 N. J. Eq. 123,* and other cases. Borden admits that his recollection of the transaction with Mrs. Shauinger is very dim. (See pp. 14, 15 and 16 testimony.)

It developed during the trial of this cause that the defendant had instituted a suit in the New York courts based on the same allegations as contained in their counter-claim and, at the time of the proceedings in this court, had not discontinued their action in New York. The New York suit was started August 11th, 1920. The defendants' answer, setting up a counter-claim in this court, was filed on September 17th, 1921, so it is clear that the New York action was first instituted. I intimated at the trial that it might be within the jurisdiction of this court to compel the defendants to elect their remedy in either the New York action or in the

counter-claim in this suit; but I am informed by solicitor of the defendants that since the submission of this case he has withdrawn the New York action. It is my recollection that the objection was first urged by the complainants to proceeding in this suit at the closing of argument. I shall not, however, deal with this question now, as my view is that the counter-claim should be dismissed because the evidence does not sustain it.

A decree of foreclosure for the sale of the property may be accordingly entered.